UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GABRIEL A. R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-05421-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Gabriel A. R. ("Plaintiff") filed a Complaint on June 18, 2018, seeking review of the Commissioner's denial of his application for supplemental security income ("SSI"). On February 26, 2019, the parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

## BACKGROUND

Plaintiff filed an application for SSI on September 11, 2014, alleging disability commencing on March 24, 2012. Administrative Record ("AR"). After his applications were denied initially and on reconsideration (AR 140-44, 150-55), Plaintiff requested an administrative hearing (AR 158-60), which was held on December 9, 2016. AR 38-73. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ").

On March 10, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. AR 12-30. The ALJ found Plaintiff had not engaged in substantial gainful employment since August 7, 2014 and suffered from the severe impairments of: status post head trauma with seizure disorder and memory loss; affective disorder; and alcohol abuse in remission. AR 17. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 17. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work as defined in 20 C.F.R. § 416.967(b) except:

> [N]o climbing ladders, ropes scaffolds; no work with moving machinery or exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks; employed in a low stress job, defined as having only occasional decision making or judgment required and only occasional changes in the work setting; and only occasional interaction with the public, coworkers, and supervisors.

AR 18-19.

The ALJ determined Plaintiff could not perform his past relevant work as a debt collector. AR 22. However, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy. AR 22. Considering Plaintiff's age, education, work experience, RFC, and the

2

Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could perform the jobs of a laundry worker, assembler, and marker retailer. AR 23. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act, from August 7, 2014 through the date of the ALJ's decision. AR 25.

On April 18, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past,

4

or as that same job is "generally" performed in the national economy. <u>See</u> <u>Stacy v. Colvin</u>, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. <u>See</u> <u>Id.</u> at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. <u>See, e.g.</u>, <u>Molina</u>, 674 F.3d at 1110; <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. <u>See</u> <u>Hill v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012); <u>Tackett</u>, 180 F.3d at 1100.

### III.

### DISCUSSION

The parties present three disputed issues (Jt. Stip. at 4):

<u>Issue No. 1</u>: Whether the ALJ properly considered the statements of "other" sources;

<u>Issue No. 2</u>: Whether the ALJ properly considered the opinions of the State Agency psychologists; and

<u>Issue No. 3</u>: Whether the ALJ properly evaluated the treating psychiatrist's opinions.

## A. <u>Third-Party Report</u>

Plaintiff argues that the ALJ failed to cite germane reasons for rejecting a third-party report prepared by Plaintiff's "longstanding case manager," Diane Perez, MHA ("Ms. Perez") from the Ventura County Behavioral Health Center. Jt. Stip. at 5-7. The Court finds the ALJ did not provide a germane reason for rejecting the third-party report.

### 1. <u>Applicable Law</u>

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." <u>Bruce v. Astrue</u>, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1053 (9th Cir. 2006)); <u>see also</u> 20 C.F.R. § 416.913(d) (statements from spouses, parents, other relatives, friends, and others can be used to show severity of impairments and effect on ability to work). Such testimony "cannot be disregarded without comment." <u>Bruce</u>, 557 F.3d at 1115 (quoting <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996)); <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006) ("[T]he ALJ is required to account for all lay witness testimony in the discussion of his or her findings."). Under the regulations, a case manager's testimony constitutes as lay witness testimony from an "other source," as a case manager is not an "acceptable medical source." <u>See</u> 20 C.F.R. § 416.913(a); <u>Nevarez v. Astrue</u>, 2012 WL 2150146, at *1 (C.D. Cal. June 12, 2012). When rejecting such testimony, an ALJ must give specific reasons germane for discounting the testimony. <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009).

### 2. <u>Analysis</u>

In her third-party report, on March 15, 2016, Ms. Perez opined upon Plaintiff's physical and mental limitations in response to the limitations set forth by consultative neurologist, Robert A. Moore, M.D ("Dr. Moore"). AR 940-41. Specifically, Ms. Perez stated: Plaintiff's weakness in his arms causes

6

him to drop items; he stumbles when walking; he is forgetful and has loss of memory; he has daily "jolts" in his brain; his seizures last several minutes, which requires a long period of time for recovery; he is closely monitored by his family virtually at all times; he is easily distracted; and he has difficultly focusing when there is chaos around him. AR 940-41. Ms. Perez refuted Dr. Moore's opinions that Plaintiff: could stand/walk for up to six hours per workday; was restricted in the use of his upper extremities; and would not need any rest breaks due to his symptoms. AR 940.

The ALJ rejected Ms. Perez's opinions by stating solely, "The undersigned does not credit the statements at 19F from [Ms. Perez], as she is not an acceptable medical source or a medical professional qualified to make opinions as to [Plaintiff's] functional capacities. AR 21.

Plaintiff argues the ALJ failed to provide any germane reasons for "rejecting" Ms. Perez's lay observations. Jt. Stip. at 7. The Commissioner counters "the ALJ properly rejected Ms. Perez's undated non-medical opinions not only because she was not an 'acceptable medical source,' but also because: (1) her opinions were contradicted by those of consultative examiners who were qualified medical professionals; (2) the qualified medical professionals specialize in neurology and psychiatry (relevant areas of specialization; and (3) their opinions were well supported by medical signs on examination and laboratory findings and the record as a whole." Jt. Stip. at 7-8. The Commissioner adds, "Although the ALJ's assessment was not explicit, the Court may draw logical inferences from the ALJ's reasons for giving greater weight to medical opinions that were inconsistent with Ms. Perez's statements. Jt. Stip. at 8 n.3.

Here, the ALJ improperly rejected the third-party testimony. First, although Ms. Perez's testimony is not testimony from an "acceptable medical source," the ALJ is still required to give specific, germane reasons for rejecting

such evidence. See Valentine, 574 F.3d at 694; Nevarez, 2012 WL 2150146, at *1. The ALJ did not offer a specific reason germane by rejecting Ms. Perez's opinion solely because she was not "an acceptable medical source or a medical professional qualified to make opinions as to [Plaintiff's] functional capacities." The Commissioner concedes the ALJ did not "explicitly" reject Ms. Perez's opinions based on any other reasoning, and the Court cannot consider reasoning for rejecting Ms. Perez's testimony that the ALJ never gave. See Bray v. Comm'r of Soc. Sec., 554 F.3d 1219, 1225 (9th Cir. 2009) ("long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"); see also SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

Second, the Court cannot conclude that the ALJ's error was harmless. The ALJ's decision lacks any "meaningful explanation" based on specific evidence in the record for rejecting the third-party testimony. See, e.g., Brown-Hunter, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting testimony "will usually not be harmless"). As Plaintiff's case manager, Ms. Perez can and did provide information that is relevant in assessing Plaintiff's functional limitations. Because of the significant functional limitations reflected in the third-party testimony, at least based on the current record, the Court is unable to conclude that a reasonable ALJ could not have reached a different disability determination were those limitations credited. Stout, 454 F.3d at 1055-56. As a result, the Court cannot find the error to be harmless.

**B. Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further

8

administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes that remand for further proceedings is warranted. Because the Court has directed the ALJ to reconsider the third-party testimony of Ms. Perez on remand, and because that reconsideration could alter the ALJ's findings challenged in Issue Nos. 2 and 3 herein, the Court does not reach Issue Nos. 2 and 3. On remand, because it is unclear on the current record whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell, 336 F.3d at 1115-16. The parties may freely take up the remaining issues in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

Accordingly, on remand, the ALJ shall reassess Plaintiff's subjective complaints in conjunction with the third-party statements, reassess Plaintiff's RFC, if appropriate, in light of the revisited analysis of the third-party testimony, and thereafter proceed through the remaining steps of the disability analysis to determine what work, if any, Plaintiff can perform that exists in significant numbers. The Court also notes on remand that if rejecting the State Agency physicians' opinions regarding Plaintiff's mental limitations, the ALJ should do so expressly. See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981); Finn v. Astrue, 2013 WL 501661, at *4-5 (C.D. Cal. Feb. 7, 2013)

(finding the ALJ's reasons given for rejecting the State Agency physician's opinions were legally insufficient).

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.


Dated: March 27, 2019

_____
JOHN D. EARLY
United States Magistrate Judge